# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| URI STUDENT SENATE,<br>DAVID KEACH, TIMOTHY DEMERCHANT,<br>MICHAEL SPATCHER, WARREN BYRNE,<br>BEN CUDDY, WALTER J. MANNING,<br>STEVEN and KAREN JEDSON,<br><br>Plaintiffs, | ) |
| | ) C.A. No:08-207T |
| TOWN OF NARRAGANSETT, T. BRIAN HANDRIGAN,<br>JAMES P. DURKIN, KRISTA J. GARRETT,<br>GEORGE F. LENIHAN, CHRISTOPHER WILKENS,<br>Council Members in their Official Capacities, | ) Removed From<br>) RI Superior Court<br>) C.A. No. WC 08-0396 |
| JEFFRY CEASRINE, TOWN MANAGER,<br>ROBERT UYTTEBROEK, TOWN TREASURER,<br>and JOSEPH T. LITTLE, JR., TOWN POLICE CHIEF,<br>in their Official Capacities,<br><br>Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO REMAND**

Plaintiffs respectfully submit this memorandum of law in support of their motion for an Order, pursuant to 28 U.S.C. 1447(c), remanding this action to Washington County Superior Court and awarding Plaintiffs their costs and attorneys' fees associated with the removal.

## Preliminary Statement

This case deals with an ongoing dispute between certain URI students, tenants and property owners (hereinafter Plaintiffs) and the Town of Narragansett and its officials (hereinafter Defendants or Town) with respect to the Town of Narragansett's Unruly Gatherings Ordinance (Article II, Sections 46-31 through 35 of the Code of Ordinances) which attempts to manage the behavior of URI students, residents, tenants and landlords

in violation of their constitutional rights. Plaintiffs contend that the Ordinance violates their procedural and substantive due process and equal protection rights, as well as their rights to privacy and freedom of association, under both the Constitution of Rhode Island and the Constitution of the United States.

Plaintiffs challenged the Town's Unruly Gatherings Ordinance in the Washington County Superior Court on May 23, 2008, and Defendants' counsel accepted service of the Complaint on May 27, 2008. Defendants' counsel filed a Notice of Removal on May 28, 2008, removing the case to the Federal District Court. Plaintiffs seek a remand to the Washington County Superior Court based on principles of Younger abstention, comity, convenient forum, and the rights of plaintiffs to select the forum.

## Argument

The Defendants' petition for removal is in direct conflict with the Younger abstention doctrine that requires federal courts to defer to ongoing judicial proceedings that implicate important state interests and provide an adequate opportunity to raise state and federal constitutional challenges. The Town filed a Notice of Removal pursuant to 28 U.S.C. §1441(c) based on federal question jurisdiction, but Younger v. Harris, 401 U.S. 37 (1971), requires federal courts to defer to ongoing state criminal proceedings except in extraordinary circumstances. Three (3) of the Plaintiffs are presently in the midst of criminal proceedings before the Town of Narragansett Municipal Court alleging violations of the Unruly Gatherings Ordinance. They have sought to challenge the Constitutionality of the Town's Ordinance under the State Constitution, state laws, and the U.S. Constitution. Federal questions do not predominate in this lawsuit.

In any challenge to the removal of a case to Federal Court, the Defendants must carry the burden of proof with respect to all elements of the removal's propriety. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26 (1st Cir. 1998). Removal is governed by 28 USC §1441, which provides that an action brought in State court may be removed to Federal court if the action is one that could have been originally brought in that Court. If the motion for removal is challenged, however, the court reviewing the motion must balance the facts under review in the most favorable light to the party objecting to removal. Metropolitan Property & Casualty

Insurance Co. v. J.C. Penny Casualty Insurance Co., 780 F.Supp. 885, 887 (D.Conn. 1991). Since the Federal Court is a Court of limited jurisdiction in our federal system of government, it has followed a national policy of respecting state judicial systems. The First Circuit has employed the Younger abstention doctrine to defer to State Court proceedings in the context of criminal proceedings, Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27 (1st Cir. 2004), and civil proceedings, Rossi v. Gemma, 489 F.3d 26 (1st Cir. 2007).

In Maymo-Melendez, Id., at p.31, the First Circuit explained the Younger abstention doctrine as follows:

> *Younger* is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.

The First Circuit further explained this doctrine in Rossi v. Gemma, at pp 34 and 35:

> The *Younger* doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to "interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings." *Maymo-Melendez v. Alvarez-Ramirez,* 364 F.3d 27 (1st Cir. 2004); see also *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed. 2d 116 (1982). Although the doctrine is frequently associated with state criminal prosecutions, it has been extended to certain "coercive" civil cases. See *Maymo-Melendez v. Alvarez-Ramirez,* 364 F.3d at 31 & n.3 Following Supreme Court case law, See *Middlesex County*, 457 U.S. at 432, 102 S. Ct, 2515, we have articulated the basic analytical framework for *Younger* abstention. Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge. See *Brooks v. N.H. Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996); *Bettencourt v. Bd. of Registration in Med.*, 904 F.2d 772, 777 (1st Cir. 1990).

Plaintiffs maintain that their chosen forum should be respected. Washington County Superior Court is the appropriate forum to hear and decide all of their state constitutional, state law and federal constitutional issues. Under 28 U.S.C. §1404(a), the District court should consider the interests of justice and the convenience of parties and witnesses involved in the action. The Plaintiffs chose to file in Washington County Superior Court, the county in which the on-going dispute is taking place. It is appropriate that the State Court, as the home of the controversy, preside over matters directly involving its residents. As a matter of convenience, the Washington County Superior Court is in close proximity to the Town, all parties to the action, and potential witnesses in the action.

**Conclusion**

For the above reasons, the Plaintiffs respectfully request that this case be remanded to the Washington County Superior Court and that the Plaintiffs be awarded their costs including legal fees associated with the removal/remand process pursuant to 28 USC §1447(c).

Attorney for the Plaintiffs

______________________

H. JEFFERSON MELISH, #3100
ACLU – RI AFFILIATE
74 Main Street
Wakefield, RI 02879
(401) 783-6840
On behalf of the RI ACLU
With Assistance from
Roger Williams Law Students
Dana Steffens and
Rose Elvira Arias

**CERTIFICATION**

I hereby certify that a true copy of the within document was emailed, faxed and mailed, to the Mark McSally, Esq., Mark DeSisto, Esq., and Steven Brown, ACLU, on the __ day of June, 2008.

______________________