# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

URI STUDENT SENATE,
DAVID KEACH, TIMOTHY DEMERCHANT,
MICHAEL SPATCHER, WARREN BYRNE,
BEN CUDDY, WALTER J. MANNING,
STEVEN and KAREN JEDSON,

Plaintiffs,

v.

TOWN OF NARRAGANSETT, T. BRIAN HANDRIGAN,
JAMES P. DURKIN, KRISTA J. GARRETT,
GEORGE F. LENIHAN, CHRISTOPHER WILKENS,
Council Members in their Official Capacities,

JEFFRY CEASRINE, TOWN MANAGER,
ROBERT UYTTEBROEK, TOWN TREASURER,
and JOSEPH T. LITTLE, JR., TOWN POLICE CHIEF,
in their Official Capacities,

Defendants.

C.A. No: 08-207T
Removed from
RI Superior Court
C.A. No. WC 08-0396

## PLAINTIFFS' MOTION TO REMAND

Now come the Plaintiffs, the URI Student Senate, David Keach, Timothy Demerchant, Michael Spatcher, Warren Byrne, Ben Cuddy, Walter J. Manning, and Steven and Karen Jedson, and move this Court for an Order, pursuant to 28 U.S.C. 1447(c), remanding this action to Washington County Superior Court and awarding Plaintiffs costs and attorneys' fees associated with the removal.

In support of this motion, Plaintiffs state, by and through their attorney, the following:

1. On or about May 1, 2008, plaintiffs David Keach, Timothy DeMerchant and Michael Spatcher were arraigned on a Narragansett Municipal Court complaint which

alleged that on April 18, 2008, they violated the Narragansett Unruly Gatherings Ordinance Section 46-31-1.

2. Plaintiffs Keach, DeMerchant, and Spatcher were ordered to appear for Pre-Trial on June 5, 2008; they face mandatory minimum fines of $300.00 and community service if convicted in the state proceedings.

3. On May 23, 2008, Plaintiffs commenced this action in Washington County Superior Court for the State of Rhode Island to enjoin the unconstitutional efforts of the Defendants to impermissibly manage and control the behavior of URI students choosing to live in or visit the town of Narragansett and landlords renting or seeking to rent properties to such students.

4. On May 27, 2008, Defendants accepted service through counsel.

5. On May 28, 2008, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441 and §1446, alleging federal question jurisdiction in this matter.

6. Plaintiffs maintain that their motion to remand should be granted based on the Younger abstention doctrine, principles of comity, and rights of Plaintiffs to choose the forum for the vindication of their rights.

7. There are State Constitutional and State law issues which, along with the federal questions, can be adequately dealt with in state Court.

8. The Court should respect and preserve the plaintiffs' choice of forum since they filed in State Court.

9. As a further equitable matter, the action should properly remain in the county where the Ordinance was enacted and where the parties to the action and the witnesses reside. Washington County is clearly the most appropriate and convenient forum for this action.

WHEREFORE, Plaintiffs respectfully move this honorable Court to issue an Order remanding this action to the Washington County Superior Court and awarding Plaintiffs their costs and attorneys' fees associated with the removal.

Attorney for the Plaintiffs

H. Jefferson Melish, Esq./s/
H. JEFFERSON MELISH, #3100
ACLU – RI AFFILIATE
74 Main Street
Wakefield, RI 02879
(401) 783-6840
On behalf of the RI ACLU
With Assistance from
Roger Williams Law Students
Dana Steffens and
Rose Elvira Arias

**CERTIFICATION**

I hereby certify that a true copy of the within document was emailed, faxed amd mailed, to the Mark McSally, Esq., Mark DeSisto, Esq., and Steven Brown, ACLU, on the 27th day of June, 2008.

H. Jefferson Melish, Esq. /s/