UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| URI STUDENT SENATE, et al<br>*Plaintiffs,*<br>v.<br>TOWN OF NARRAGANSETT et al<br>*Defendants.* | C.A. No. 08-207T |

**DEFENDANTS' OBJECTION TO THE PLAINTIFFS' MOTION TO REMAND**

Now come the defendants, Town of Narragansett, T. Brian Handrigan, James P. Durkin, Krista J. Garrett, George F. Lenihan and Christopher Wilkens, Town Council Members, Jeffrey Cesarine, Town Manager, Robert Uyttebroek, Town Treasurer and Joseph T. Little, Jr., Town Police Chief, and object to the plaintiffs' motion to remand this matter back to Washington County Superior Court. Defendants rely on their memorandum of law attached and incorporated herein.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

*/s/ Mark A. McSally*

Mark A. McSally, Esq. (#3006)
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882
mmcsally@kkrs.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on July 22, 2008 and is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

H. Jefferson Melish, Esq. #3100
hj.melish@verizon.net

*/s/ Marc DeSisto*

Marc DeSisto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| URI STUDENT SENATE, et al<br>*Plaintiffs,*<br>v.<br>TOWN OF NARRAGANSETT et al<br>*Defendants.* | C.A. No. 08-207T |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO THE PLAINTIFFS' MOTION TO REMAND**

## I. INTRODUCTION

The nine (9) plaintiffs in this matter seek to remand their federal and state constitutional challenge to a local ordinance back to the R.I. Superior Court based on the fact that three (3) of these plaintiffs have an action pending in a third forum, the municipal court, for violating the ordinance at issue. After the three (3) plaintiffs were cited for violating the "Unruly Gatherings" ordinance, (attached as Exhibit A), all plaintiffs filed a declaratory judgment action in the Superior Court challenging the constitutionality of the ordinance. Plaintiffs filed a corresponding Motion for a Temporary Restraining Order seeking to enjoin the municipal action against the three (3) plaintiffs pending the Superior Court's resolution of the constitutional issues.

Defendants thereafter properly removed the Superior Court action to this Court pursuant to *28 USC §§ 1441* and *1446* based on the federal question raised by plaintiffs' Complaint. The Town subsequently agreed to continue the municipal complaint against the three (3) plaintiffs pending resolution of plaintiffs' constitutional challenge.

Plaintiffs' Complaint specifically alleges that the municipal ordinance violates the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution (Complaint, at ¶ 15). In addition to their *§ 1983* claim, plaintiffs also allege that the ordinance violates R.I.'s corresponding constitutional provisions[1] and is preempted by the R.I. Landlord Tenant laws. Among other constitutional theories, plaintiffs allege that the ordinance violates plaintiffs' due process rights because it allegedly does not allow for an adequate hearing and that it is vague, inviting "arbitrary and capricious enforcement on the part of the police." *Complaint, at ¶ 21.* In addition to declaratory and monetary relief, plaintiffs seek an injunction enjoining the Town from enforcing the ordinance. As more fully outlined below, Defendants object to the plaintiffs' Motion to Remand and submit that issues of comity do not warrant this Court abstaining from addressing the instant suit.

## II. PROCEDURAL FACTS

In September 2007, the Town of Narragansett amended Article II of Chapter 46 of the Narragansett Code of Ordinances to include an Ordinance entitled "Unruly Gatherings." This section of the Town Ordinance renders it a public nuisance to conduct "a gathering of five or more persons on any private property in a manner which constitutes a substantial disturbance . . . as a result of conduct constituting a violation of law" such as, *inter alia,* excessive noise, public drunkenness and/or disturbing the peace. *Narragansett Town Ordinances, § 46-31, Attached Exhibit A*. The Police Department is empowered to post a notice when officers encounter such unreasonable party activity and in addition must otherwise notify the owner of the premises. *Narragansett Town Ordinances, § 46-32, Attached Exhibit A*. Thereafter, if the police encounter another party or gathering in violation of the ordinance, the owners and residents of the premise and the people attending the party are subject to a fine and community service. *Narragansett*

[1] Plaintiff alleges that the ordinance violates article 1, sections 2, 5, 10, 21 and 24 of the R.I. Constitution.

*Town Ordinances,* § *46-34, Attached Exhibit A*. The fines increase for each intervention by the police during a specified posting period. *Narragansett Town Ordinances,* § *46-35, Attached Exhibit A*. Anyone so charged is entitled to a trial in the Municipal Court of Narragansett with the right to appeal to the Superior Court for a trial de novo. *R.I.G.L. § 45-2-30*.

In April 2008, three (3) of the nine (9) named plaintiffs were charged by the Narragansett Police with violating the "Unruly Gatherings" ordinance. Prior to any trial on the merits, these three (3) individuals, along with six (6) others, filed suit in Washington County Superior Court seeking declaratory, injunctive and monetary relief pursuant to *42 U.S.C. § 1983* and R.I. Uniform Declaratory Judgment Act based on alleged violations of plaintiffs' state and federal constitutional rights. Thereafter, the Town agreed to stay the municipal trials until the constitutional issues are resolved.

**III. ISSUES**

Distilled down to the basics, the three (3) plaintiffs charged under the ordinance did not want the constitutional issues addressed in the municipal forum so they joined with other individuals, who claim to be damaged by the ordinance, and brought suit in Washington County Superior Court seeking declaratory and injunctive relief enjoining the pending matters in Municipal Court as well as damages pursuant to *§ 1983*. Since the complaint contained a *§ 1983* claim and requested monetary damages, the defendants removed it to this Court in accordance with *28 U.S.C. §§ 1441* and *1446*. The plaintiffs now rely, in part, on the *Younger* abstention doctrine in support of their motion for remand. Defendants submit that the following issues result and will brief each one:

- Does *Younger* abstention apply when three (3) of the nine (9) plaintiffs are facing a municipal violation that has been voluntarily stayed by the prosecuting Town and the most important challenges to the ordinance are based on the U.S. Constitution?

- If principles of comity and federalism do apply (not necessarily Younger abstention) should this case be remanded, stayed or dismissed?

## IV. ARGUMENT

### *A. Abstention Doctrine Does Not Apply*

#### 1. *General Principles of Abstention*

Plaintiffs seek remand based, in part, on *Younger v. Harris, 401 U.S. 37 (1971)* abstention grounds. Before addressing the elements of *Younger* abstention, it is important to recognize that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813-814 (U.S. 1976).* It "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.*

Nevertheless, one such "extraordinary" exception was recognized in *Younger* which held that the federal court will generally not enjoin an ongoing state litigation unless there are "unusual situations calling for federal intervention." *Id. at 54*. Over time, the elements of *Younger* abstention have been refined:

> "Abstention is appropriate when the requested relief would interfere (1) with an ongoing State judicial proceeding; (2) that implicates an important State interest; and (3) that provides an adequate opportunity for the Federal plaintiff to advance his Federal constitutional challenge." *Rossi v. Gemma, 489 F.3d 26, 35 (1st Cir. 2007).*

As noted, this analytical framework must be applied in concert with the obligation of the federal courts to fulfill their "strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 716 (1996) citing Colorado River Water, 424 U.S. at 821("Federal Courts having virtually an unflagging obligation...to exercise the jurisdiction given them").*

As more fully outlined below, defendants submit that the first two elements of _Younger_ abstention are not met and in any event exceptional circumstances exist to justify this Court's retention of jurisdiction which are not outweighed by any countervailing interests.

2. _The first two elements for Younger abstention are not met in this matter_

The first element of _Younger_ abstention is whether there is an "ongoing state judicial proceeding." _Middlesex County Ethics Commission v. Garden State Bar Association, 457 U.S. 423, 432 (1982)_. In the instant case, the defendants have agreed to stay the municipal enforcement action against three (3) of the plaintiffs pending the resolution of the constitutional challenges. Quite simply, because the prosecutions have been stayed and are not moving forward pending resolution of this case, there is no "ongoing" litigation. Rather, those cases await the ruling of this Court. If this Court were to determine that the subject ordinance was constitutionally infirm, the appropriate action by the Town would be taken.

The second element for proper _Younger_ abstention is whether the issues at hand implicate important state interests. Stated another way, "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the states and the national government," the second element is met. _Pennzoil Company v. Texaco Inc., 481 U.S. 1, 11 (1987)_. It should be noted that the state interest must be "important" to fulfill this element. Consequently, in any abstention analysis, the State interest must be precisely identified.

> "Were we to permit a lofty level of generality as to how we identify the interests at stake, we would find that nearly anything could at least touch on something like the "general welfare," "the public good," or "public safety." This would render a nullity the requirement that we ensure that the State interest be important. The more difficult it is to specify the nature of the State proceedings with clarity, persuasiveness and without attenuation, the less likely the proffered interest belongs in the zone of important State interests." _Harper v. Public Service Commission of West Virginia, 396 F.3d 348, 353 (4th Cir. 2005)_.

In the first instance, the Complaint in this matter demonstrates that the challenges to the ordinance are mainly based on federal constitutional grounds. While plaintiffs simultaneously seek to prove that the ordinance is violative of state constitutional provisions, Rhode Island courts rely upon its federal counterparts in interpreting and applying the corresponding state constitutional provisions. *See i.e. Auto Body Recyclers Assoc. of Rhode Island vs. McConaghy, 2005 R.I. Super Lexis 21 (R.I. Superior Court 2005) (The "due process" clause of the Rhode Island Constitution was "intended by the drafters to parallel the language of the Fourteenth Amendment to the U.S. Constitution"); Joes vs. Rhode Island, 724 F.Supp. 25 (D.R.I. 1989) (Rhode Island's due process provision "provide[s] protection similar to the . . . due process guarantees of the Fourteenth Amendment to the United States Constitution"); See also Kleczek vs. Rhode Island Interscholastic League, Inc., 612 A.2d 734, 740 (R.I. 1992)*. Thus, plaintiffs have not pointed out any important state interest above and beyond the United States Constitutional challenges.[2]

For these reasons, defendants submit that the first two elements of Younger abstention are not met in this matter.

B. *Even if the Court finds that the Younger elements are met, this is an unusual situation negating abstention*

The Town defendants would further submit that the procedural facts of this case do not fit within the typical *Younger* abstention profile. *Younger* and its prodigy focus on principles of comity and federalism when a defendant attempts to use the Federal Court to interfere with an ongoing state court action. In our matter, the three (3) plaintiffs who have been cited by the Narragansett Police are not facing criminal felonies or misdemeanor charges. Instead they are subject to a trial in the Municipal Court as to whether each violated the Town Ordinance. All of

[2] If there is a "state interest" at issue it would belong to the Town's own interest in enforcing the

the plaintiffs, however, were not satisfied with the constitutional challenge being decided in the municipal forum. Consequently, the plaintiffs chose to interfere with that action themselves by filing a separate claim in the Superior Court asking Judge Thompson to enjoin the action and rule that the Ordinance is unconstitutional. Unlike the usual case where the criminal defendant is asking the federal court to exercise its jurisdiction over a matter, here, it is the prosecuting entity, the Town of Narragansett that seeks to enforce its right to have the constitutional challenge heard in this Court.

It was the plaintiffs themselves who sought to "interfere" with the municipal court action by bypassing it and seeking another Court's ruling on the constitutionality of the statute. While plaintiffs ask this Court to respect their choice of forum, the Superior Court, and claim that they have the right to have the matter heard in Washington County in the Court of their choice, this argument ignores the right of a defendant to have federal claims heard in the federal court. *Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (U.S. 2005).* Moreover, "by so suing the defendant, the plaintiff voluntarily submits jurisdiction of his person to any court sitting in that state having jurisdiction of the subject-matter, to which the defendant has the right, and may elect, to take it." *Iowa Lillooet Gold Min. Co. v. Bliss, 144 F. 446, 451 (C.C.D. Iowa 1906).*

Yet another consideration warranting this Court exercising its jurisdiction over the instant matter is the recognition that only three (3) of the nine (9) plaintiffs have been cited for violating the ordinance. Clearly if the remaining six (6) plaintiffs had filed suit on their own, there would be absolutely no basis for them to invoke the *Younger* abstention doctrine to deprive defendants of the right to have this Court hear the instant action. These plaintiffs should not be allowed to circumvent defendants' right to have the federal claims heard in the federal forum. For all these

---

ordinance.

reasons, defendants submit that the unusual procedural aspect of this case is enough for this Court to continue its jurisdiction over this matter.

*C.* *If principles of comity and federalism do apply, this matter should not be remanded but instead should be stayed*

When, as here, "a sizeable portion of the relief sought in the Federal complaint is intended to compensate respondents for injuries allegedly sustained in violation of constitutional rights" the District Court should retain jurisdiction. *Deakins v. Monaghan, 484 U.S. 193, 204 (1988)*. Defendants respectfully submit that if the Court finds that the elements of Younger abstention are met, the proper remedy is to stay this complaint until the violation cases in the municipal forum are heard and decided including any appeals thereto.

The Supreme Court, long ago, determined that the best course in an abstention case is to simply stay the action and allow the criminal proceeding to go forward in the State Court.

> "In light of the developments in this case and our decisions in Younger and Samuels, it is clear that the District Court should not dismiss the damages claims, yet must not proceed to judgment on this either. Consequently, I would couple our remand of this case with a holding that, pursuant to Younger, the lower Courts may not adjudicate respondent's damages claim until the conclusion of the pending State criminal proceedings." *Deakins v. Monaghan, 484 U.S. 193, 209 (1988) (concurring opinion of Justice White)*.

Consequently, if this Court deems abstention is required, defendants would suggest that the entire action is stayed until the violation case in the Municipal Court is finally adjudicated.

## V. CONCLUSION

For the reasons stated above, defendants request that the plaintiffs' motion for remand be denied or in the alternative that the entire action be stayed until the municipal cases are finally adjudicated.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

*/s/ Mark A. McSally*

Mark A. McSally, Esq.
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882
mmcsally@kkrs.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on July 22, 2008 and is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

H. Jefferson Melish, Esq. #3100
hj.melish@verizon.net

*/s/ Marc DeSisto*

Marc DeSisto