# ARTICLE II. UNRULY GATHERINGS

## Sec. 46-31. Public nuisance.

(a) It shall be a public nuisance to conduct a gathering of five or more persons on any private property in a manner which constitutes a substantial disturbance of the quiet enjoyment of private or public property in a significant segment of a neighborhood, as a result of conduct constituting a violation of law. Illustrative of such unlawful conduct is excessive noise or traffic, obstruction of public streets by crowds or vehicles, illegal parking, public drunkenness, public urination, the service of alcohol to minors, fights, disturbances of the peace, and litter.

(b) A gathering constituting a public nuisance may be abated by all reasonable means including, but not limited to, an order requiring the gathering to be disbanded and citation and/or arrest of any law violators under any applicable ordinances and state statutes.

(Ch. 856, § 1, 5-2-2005; Ch. 891, § 1, 9-4-2007)

## Sec. 46-32. Notice of unruly gathering; posting, mailing.

(a) When the police department intervenes at a gathering which constitutes a nuisance under this article, the premises at which such nuisance occurred shall be posted with a notice stating that the intervention of the police has been necessitated as a result of a public nuisance under this article caused by an event at the premises, the date of the police intervention, and that any subsequent event within the period set forth below on the same premises, which necessitates police intervention, shall result in the joint and several liability of any guests causing the public nuisance, or any persons who own or are residents of the property at which the public nuisance occurred, or who sponsored the event constituting the public nuisance as more fully set forth below. Any notice posted between September 1 and May 31 of any year shall remain posted until May 31. Any notice posted between June 1 and August 31 of any year shall remain posted until August 31.

(b) The residents and owner of such property shall be jointly responsible for ensuring that such notice is not removed or defaced and it shall be a Code violation carrying a penalty of a minimum, mandatory $100.00 fine in addition to any other penalties which may be due under this section if such notice is removed, obscured or defaced, provided, however, that the residents of the premises or sponsor of the event, if present, shall be consulted as to the location in which such notice is posted in order to achieve both the security of the notice and its prominent display.

(Ch. 856, § 1, 5-2-2005; Ch. 891, § 1, 9-4-2007)

## Sec. 46-33. Mailing of notice to property owner.

Notice of the intervention shall also be mailed to any property owner on the Town of Narragansett property tax assessment records and shall advise the property owner that any subsequent such intervention within posting periods set forth in section 46-32(a) on the same premises shall result in liability of the property owner for all penalties associated with such intervention as more particularly set forth below.

(Ch. 856, § 1, 5-2-2005; Ch. 891, § 1, 9-4-2007)

Case 1:08-cv-00207-T-LDA Document 8-2 Filed 07/22/2008 Page 2 of 2

## Sec. 46-34. Persons liable for subsequent response to gathering constituting a public nuisance.

(a) If the police department is required to respond to a gathering constituting a public nuisance on the premises more than once in any posting periods set forth in section 46-32(a), the following persons shall be jointly and severally liable for fines as set forth below:

(1) The person or persons who own the property where the gathering constituting the public nuisance took place, provided that notice has been mailed to the owner of the property as set forth herein and the gathering occurs at least two weeks after the mailing of such notice.

(2) The person or persons residing on or otherwise in control of the property where such gathering took place.

(3) The person or persons who organized or sponsored such gathering.

(4) All persons attending such gatherings who engage in any activity resulting in the public nuisance.

(5) Nothing in this section shall be construed to impose liability on the resident or owners of the premises or sponsor of the gathering, for the conduct of persons who are present without the express or implied consent of the resident or sponsor, as long as the resident and sponsor have taken all steps reasonably necessary to exclude such uninvited participants from the premises, including landlords who are actively attempting to evict a tenant from the premises.

(b) Where an invited guest engages in conduct which the sponsor or resident could not reasonably foresee and the conduct is an isolated instance of a guest at the event violating the law which the sponsor is unable to reasonably control without the intervention of the police, the unlawful conduct of the individual guest shall not be attributable to the sponsor or resident for the purposes of determining whether the event constitutes a public nuisance under this section.

(Ch. 856, § 1, 5-2-2005; Ch. 891, § 1, 9-4-2007)

## Sec. 46-35. Penalties for violation.

(a) It shall be a Code violation punishable as set forth herein when intervention at the same location to abate a gathering constituting a public nuisance occurs within any posting periods set forth in section 46-32(a) after the property was posted in accordance with section 46-11:

(1) For the first intervention in a posting period the fine shall be a minimum mandatory $300.00;

(2) For the second such intervention in a posting period the fine shall be a minimum mandatory $400.00;

(3) For any further such responses in a posting day period the fine shall be a minimum mandatory $500.00.

(b) In addition to the above, the municipal court shall be authorized to order the person or persons in violation to perform community service. For a first intervention ordering community service shall be discretionary. For a second or third intervention, the municipal court shall, in addition to the monetary penalty set forth above, order the person or persons in violation to perform not less than 25 hours of community service for a second intervention and not less than 50 hours of community service for a third intervention.

(Ch. 856, § 1, 5-2-2005; Ch. 891, § 1, 9-4-2007)